IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,938






EX PARTE ARNOLDO DAVID LOPEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-07-09930-CR IN THE 79TH DISTRICT COURT


FROM BROOKS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The Fourth Court of Appeals dismissed his appeal. Lopez
v. State, No. 04-10-00630-CR (Tex. App.--San Antonio 2010, no pet.).

 In a single ground, Applicant contends that his counsel rendered ineffective assistance
because he failed to timely file a motion for new trial and notice of appeal. We remanded this
application to the trial court for findings of fact and conclusions of law.

 The trial court has determined that counsel failed to timely file a notice of appeal. We find
that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of
conviction in cause number 08-07-09930-CR from the 79th District Court of Brooks County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of
this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to
represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been
imposed on the date on which the mandate of this Court issues. We hold that, should Applicant
desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the
trial court within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: January 9, 2013

Do not publish